**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 26-14-SCM-CJS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **UNITED STATES'S SENTENCING MEMORANDUM**

**LANDAN STRONG** **DEFENDANT**

* * * * *

Pursuant to the Court's order [R. 24: Order], the United States submits the following Sentencing Memorandum. As set forth more fully below, the advisory Guideline range has been properly calculated, and a sentence of 51 months is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

I. Factual Background and Procedural History

At the time of the instant offenses, the Defendant was a gun enthusiast who used marijuana and fentanyl daily. Those two worlds collided on October 8, 2025, when he went to a friend's house to smoke marijuana and buy a gun. He parked on the campus of a local high school and when he returned to his car, school employees saw him with a gun, which prompted a lockdown.

Boone County Sheriff's deputies responded and located the Defendant. He was detained and cooperated by admitting he had firearms and showing deputies where he hid them. Deputies recovered three firearms, a magazine, and ammunition in the woods by

the school; the Defendant also had a bag of pressed fentanyl pills on his person. When deputies executed a search warrant on the Defendant's home later that day, they located another firearm, more ammunition, and more pills and marijuana.

The Defendant admitted possessing the firearms and that he was addicted to fentanyl and marijuana. A review of his cell phone revealed that he frequently obtained and traded both drugs and guns.

II. Unresolved Objections to the Presentence Investigation Report (PSR)

The Defendant objects to his criminal history calculation; specifically, the assessment of points for two juvenile adjudications. *See* Presentence Investigation Report at ¶¶ 32, 40. According to the Defendant, those adjudications are not deemed "convictions" under Kentucky state law, which renders them uncountable under § 4A1.1.

The Sixth Circuit addressed and rejected this same argument in *United States v. Kirby*, 893 F.2d 867 (6th Cir. 1990). There, the defendant pleaded guilty to breaking into a post office, in violation of 18 U.S.C. § 2115; before that (when he was 17 years old), he had been adjudicated delinquent by a Kentucky juvenile court on the basis of conduct that would constitute burglary, theft, and other related crimes, and was committed to the custody of the Kentucky Cabinet for Human Resources until he turned eighteen (approximately 7 months). In addressing the defendant's criminal history under the Guidelines, the court added two points for a "prior sentence of imprisonment" of at least sixty days, as directed by § 4A1.1(b), and another two points under § 4A1.1(e), since the federal offense was committed less than two years after defendant's release from imprisonment. Citing § 4A1.2(a)(1), which defines a "prior sentence" in the context of an

"adjudication of guilt," and § 4A1.2(b)(1), which defines "sentence of imprisonment" as involving "incarceration," the defendant argued that, since under Kentucky law an adjudication of delinquency by a juvenile court cannot be deemed a conviction, his juvenile record should not be counted under the guidelines.

The Sixth Circuit disagreed, noting:

> Federal law, not Kentucky law, controls sentencing disposition in the event of convictions for federal offenses. Guideline section 4A1.2(d)(2)(A), in providing instructions for computing criminal history as it relates to offenses committed prior to age eighteen, specifically directs the addition of two points "under § 4A1.1(b) for each adult or juvenile sentenced to confinement of at least sixty days." Furthermore, because the juvenile adjudication was properly counted under section 4A1.1(b), the two-point enhancement was proper under section 4A1.1(e), since that section is keyed to a sentence counted under section 4A1.1(b). Accordingly, we are unable to agree with defendant's contention that adoption of guideline sections 4A1.2(a)(1) and (b)(1) precludes a sentencing court from considering a defendant's prior juvenile adjudication, as was permitted prior to adoption of the guidelines.

*Kirby,* 893 F.2d at 868. (citations omitted). The court in *Kirby* specifically rejected the defendant's argument that "an adjudication of delinquency by a juvenile court cannot be deemed a conviction" and thus cannot trigger the application of either § 4A1.2(d)(2)(A) or § 4A1.1.(e), which is the same argument the Defendant makes here. The Sixth Circuit has "never wavered from *Kirby*," *United States v. Hall*, 279 F. App'x 359, 368 (6th Cir. 2008), and the Court shouldn't either.

Based on the foregoing, the Defendant's objection(s) should be overruled.

III. Recommended Sentence

When imposing a sentence in this case, and any other criminal case, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with

the purposes set forth in paragraph (2) of [section 3553(a)(2)]." 18 U.S.C. § 3553(a). In doing so, the Court must consider the following, non-exhaustive factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the guideline range (51–63 months); and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

A sentence of 51 months would satisfy the foregoing factors. The Defendant dealt in two things—drugs and guns—each of which, alone, is inherently dangerous; that danger is magnified when the two are combined. The nature, circumstances, and seriousness of the offense are, therefore, aggravating. Nevertheless, a sentence toward the low end of the Guidelines would account for the Defendant's relative youth, while also providing adequate specific deterrence (which is particularly important in light of the Defendant's juvenile adjudications) and the opportunity for much-needed treatment and educational and vocational training.

Respectfully submitted,

JASON D. PARMAN
UNITED STATES ATTORNEY

By: /s/ Elaine K. Leonhard
Assistant United States Attorney

207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017
(859) 652-7035
Elaine.K.Leonhard@usdoj.gov

**CERTIFICATE OF SERVICE**

On September 30, 2026, I electronically filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

/s/ Elaine K. Leonhard
Assistant United States Attorney